**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1536-20

KELVIN LEERDAM,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted March 17, 2022 – Decided March 25, 2022

Before Judges Haas and Mawla.

On appeal from New Jersey Department of Corrections.

Kelvin Leerdam, appellant pro se.

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Michele M. Solari, Deputy Attorney General, on the brief).

PER CURIAM

Kelvin Leerdam, an inmate in the State's correctional system, appeals from a final determination of the Department of Corrections (DOC), which found that he engaged in a fight with another inmate and imposed disciplinary sanctions. We affirm.

On December 21, 2020, Officer Cruz[1] saw Leerdam and another inmate take fighting stances and exchange closed fist punches with each other. The other inmate picked up Leerdam and threw him on the ground and the men continued their bout. Cruz called for additional officers to respond to the scene. The two inmates ignored several orders to stop fighting even after the officers deployed a chemical spray in an attempt to gain their compliance. The officers were finally able to separate the inmates and took Leerdam to the clinic. The nurse found Leerdam had an abrasion on one of his fingers.

The DOC charged Leerdam with committing prohibited act *.004, fighting with another person, in violation of N.J.A.C. 10A:4-4.1(a)(2)(i).[2] A sergeant served Leerdam with the charge.

---

[1] The record does not contain the officer's first name.

[2] We note that "[p]rohibited acts preceded by an asterisk (*) are considered the most serious and result in the most severe sanctions . . . ." N.J.A.C. 10A:4-4.1(a).

A hearing officer conducted a hearing on December 28, 2020. A counsel substitute assisted Leerdam. Leerdam pled guilty to the fighting charge. He declined the opportunity to make a statement or call witnesses on his own behalf. Leerdam also refused to confront any of the officers who prepared reports concerning their observations of the fight.

The hearing officer sustained the charge and imposed the following sanctions: ninety days in the restrictive housing unit, and the loss of fifteen days of recreational privileges and sixty days of commutation time. Leerdam filed an appeal to the Assistant Superintendent, who issued a final decision upholding the hearing officer's decision.

On appeal, Leerdam argues for the first time that "all the elements necessary for a claim of self-defense [were] present." We disagree.

The scope of our review of an agency decision is limited. In re Taylor, 158 N.J. 644, 656 (1999). "An appellate court ordinarily will reverse the decision of an administrative agency only when the agency's decision is 'arbitrary, capricious or unreasonable or [] is not supported by substantial credible evidence in the record as a whole.'" Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 23 (App. Div. 2005) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). "'Substantial evidence' means 'such

3

evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

Prison disciplinary hearings are not part of a criminal prosecution, and the full spectrum of rights due to a criminal defendant does not apply. Avant v. Clifford, 67 N.J. 496, 522 (1975). However, when reviewing a determination of the DOC in a matter involving prisoner discipline, we consider not only whether there is substantial evidence that the inmate committed the prohibited act, but also whether, in making its decision, the DOC followed regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995).

Having considered the record in light of these principles, we conclude that there is sufficient credible evidence in the record to support the DOC's determination that Leerdam committed prohibited act *.004, fighting with another person. Cruz saw Leerdam and the other inmate adopt fighting stances before exchanging punches. They continued to fight even after the officers used chemical spray to stop them. Leerdam pled guilty to the fighting charge and declined to challenge any of the DOC's evidence against him. We are also

convinced Leerdam received all the process due him throughout the disciplinary hearing process.

Leerdam now asserts he had a claim of self-defense. We note that Leerdam had the opportunity to raise this issue in the administrative proceedings and did not do so. Ordinarily, we decline to address issues that are raised for the first time on appeal. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Nevertheless, the record plainly shows this was a mutual fight between two inmates and that Leerdam could have retreated from the other inmate at any time. See N.J.A.C. 10A:4-9.13(f) (setting forth six conditions an inmate must meet in order to substantiate a claim of self-defense). Therefore, we reject Leerdam's contention on this point.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1536-20